**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MATTIE A. ADDISON,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | **No. 26-cv-0755** |
| | : | |
| **ELKINS PARK POST OFFICE,** *et al.*, | : | |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                          **JUNE 29, 2026**

In January 2026, *pro se* Plaintiff Mattie A. Addison initiated this action in state court in connection with alleged mishandling of her mail. *See* ECF No. 1 at 6–10. On February 5, 2026, the United States of America (the "United States" or the "Government") removed the case to federal court on behalf of Defendants pursuant to 28 U.S.C. § 1442(a)(1). *See id.* at 1. The Government then moved to substitute the United States as the only proper Defendant and moved to dismiss for lack of subject matter jurisdiction. *See* ECF No. 7. For the reasons set forth below, the Court will **GRANT** the United States' Motion to Substitute (ECF No. 7), substitute the United States as a Defendant, and dismiss the Elkins Park Post Office and Walter Lee as Defendants. The Court will also **GRANT** the United States' Motion to Dismiss (ECF No. 7), and **DISMISS** Plaintiff's Complaint **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## I.    BACKGROUND

On January 6, 2026, Plaintiff filed a *pro se* Complaint against the Elkins Park Post Office and Walter Lee, a Post Office Supervisor, in the Magisterial District Court of Montgomery County, Pennsylvania, seeking $12,000.00 in damages. *See* ECF No. 1 at 8. In her Complaint, Plaintiff alleged that two mail carriers from the United States Postal Service (the "USPS") opened, read, and shared the contents of her mail with other tenants at the Lynnewood Gardens Apartments. *Id.*

According to Plaintiff, she "reported [the] conduct of all parties involved to the Consumer Affairs" and was provided with "case numbers each time" that she made a report. *Id.* at 9. The first case number that she received was "CA133348813 on June 2, 2017." *Id.* Plaintiff also filed a police report with a police department in Montgomery County and "sent letter(s) to Walter Lee" regarding the issue, but did not receive a response from Lee. *Id.*

On February 5, 2026, the United States removed the case to the United States District Court for the Eastern District of Pennsylvania on behalf of Defendants pursuant to 28 U.S.C. § 1442(a)(1). *See id.* at 1. In its Notice of Removal, the Government asserted that Plaintiff's Complaint raises a Federal Tort Claims Act ("FTCA") claim, which may only be brought in federal court. *See id.* at 2 (citing 28 U.S.C. § 1346(b)).

On April 6, 2026, the Government moved to dismiss the Elkins Park Post Office and Walter Lee with prejudice and to substitute the United States as the only proper Defendant in this FTCA action. *See* ECF No. 7 at 6–7; *see also* 28 U.S.C. § 1346(b)(1). The Government contends that district courts do not have "subject matter jurisdiction over FTCA claims brought against a federal agency[,]" so the Elkins Park Post Office must be dismissed. ECF No. 7 at 6 (citing 28 U.S.C. § 2679(a)). In addition, in support of substitution, the Government submitted a certification, in which the United States Attorney for the Eastern District of Pennsylvania certified that Walter Lee was acting within the scope of his employment as a USPS employee during the time of the incidents out of which Plaintiff's claims arose. *See* ECF No. 7-1 at 2; *see also* 28 U.S.C. § 2679(b)(1), (d)(2). The Government also moved to dismiss Plaintiff's Complaint with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), raising a "factual challenge to federal jurisdiction." ECF No. 7 at 6. First, the Government argues that Plaintiff's Complaint should be dismissed because she did not fully exhaust her administrative

remedies, as required by the FTCA. *See id* at 8 (citing 28 U.S.C. § 2675). Second, the Government contends that Plaintiff's claim is also precluded by the FTCA's "postal exception." *Id.* at 10–11.

Plaintiff responded to the Government's Motion through two submissions dated May 4, 2026 and May 19, 2026. *See* ECF Nos. 11, 12.[1] In her May 4 submission, Plaintiff recounts other times that her mail was allegedly mishandled by two postal employees between Spring 2014 to December 2017, and elaborates on instances in which her mail was opened and shared with her neighbors. *See* ECF No. 11 at 3–16. In her May 19 submission, which the Court will construe as an Opposition to the Government's Motion to Dismiss, Plaintiff discusses the steps that she took to raise her complaints against the postal employees and attached two documents. *See* ECF No. 12 at 2–6. The first document, dated May 29, 2019, is a PS Form 3811 Return Receipt addressed to Walter Lee. *Id.* at 5. The second document describes her July 26, 2017 police report to the Cheltenham Township Police Department, but does not appear to be a copy of the report itself. *Id.* at 6.

---

[1] In one of her submissions, Plaintiff also states for the first time that "[a] conspiracy was formed against [her]" beginning in Spring 2014 when she "called to report" that Denise, a postal employee, "delivered [her] mail but failed to push it through the door mail slot." ECF No. 11 at 3. Plaintiff's submissions also include additional factual allegations related to Denise's "verbal assault[]" and mockery of Plaintiff and her daughter, and Denise's alleged delay in delivering mail due to the time that she spent talking with one of Plaintiff's neighbors. *See id.* at 4, 7–8; *see also* ECF No. 12 at 2–3. Plaintiff also states that after Denise was moved to a different route, her replacement, Mark, "did the same things that Denise did." *Id.* at 4.

Courts in the Third Circuit routinely hold that a Complaint cannot be amended through an opposition brief. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotations and citation omitted)); *see also Hamer v. LivaNova Deutschland GmbH*, 994 F.3d 173, 179 n. 23 (3d Cir. 2021) (finding that a court could not consider additional claims raised by a plaintiff in opposition to an order to show cause because the plaintiff did not raise them in the complaint). Accordingly, to the extent Plaintiff is attempting to raise an additional claim for conspiracy or is attempting to raise other facts as additional bases for an FTCA claim, the Court cannot consider them as such because they were not alleged in her Complaint (ECF No. 1 at 6–10).

Defendant's Motion is fully briefed and before the Court.

## II.    LEGAL STANDARD

The Court must dismiss a case whenever it finds that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).  Defendants can challenge subject matter jurisdiction by moving to dismiss a plaintiff's complaint pursuant to Rule 12(b)(1).  *See* Fed. R. Civ. P. 12(b)(1).  When deciding a Rule 12(b)(1) motion, a court must first determine whether the movant presents "a factual attack or a facial attack." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008).  A facial attack to jurisdiction "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *U.S. ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007)); *see also Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) ("A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case— and here the District Court may look beyond the pleadings to ascertain the facts—do not support the asserted jurisdiction.").

In reviewing a factual attack to subject matter jurisdiction, "no presumption of truthfulness attaches to the allegations of the plaintiff[,]" *CNA*, 535 F.3d at 139 (internal quotations and citation omitted), and a court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Courts can also "review evidence outside the pleadings" when evaluating a factual attack. *U.S. ex rel Atkinson*, 473 F.3d at 514; *see also Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997) (holding that a court "could consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction" in considering a factual challenge to jurisdiction).  Moreover, if a defendant raises a factual attack, the plaintiff bears the "burden of proof that jurisdiction does in fact exist." *Mortensen*, 549 F.2d at 891; *see also U.S. ex rel Atkinson*, 473 F.3d at 514 (holding

that a district court "properly placed the burden of establishing jurisdiction on [the plaintiff]"). While Plaintiff's *pro se* status prompts a "liberal construction" of her Complaint, *Kim v. I.R.S.*, 522 F. App'x 157, 158 (3d Cir. 2013), she still "must abide by the same rules that apply to all other litigants" and "allege sufficient facts" in her Complaint in support of her claims. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

The Government moved to substitute the United States as the only proper Defendant in this FTCA case and also moved to dismiss for lack of subject matter jurisdiction. *See* ECF No. 7 at 4. First, the Court finds that the Government established adequate grounds for substitution of the United States as a Defendant in this action and will, therefore, permit substitution and dismiss the Elkins Park Post Office and Walter Lee as Defendants. Second, the Court finds that Plaintiff did not fully exhaust her administrative remedies prior to initiating this lawsuit, so the Court lacks subject matter jurisdiction over her Complaint. Accordingly, the Court will grant the Government's Motion to Dismiss and dismiss Plaintiff's Complaint without prejudice.

### A.  The Government Has Demonstrated Sufficient Grounds for Substitution

First, the Government moved to dismiss the Elkins Park Post Office and Supervisor Walter Lee with prejudice and to substitute the United States as a Defendant. *See* ECF No. 7 at 6–7. The Government contends that Plaintiff's Complaint raises an FTCA claim because she alleges wrongdoing by USPS employees and the FTCA serves as the "exclusive remedy" for tort claims against federal employees. *See id.* at 6 (citing 28 U.S.C. § 2679(b)(1)). Furthermore, the Government argues that the "only proper defendant" to an FTCA claim is the United States, so the United States must be substituted as a Defendant in this case consistent with the terms of the FTCA and the Westfall Act. *See id.* at 6–7.

5

Although Plaintiff did not expressly invoke the FTCA within her Complaint, Plaintiff alleged tortious conduct by employees of the USPS and named as a Defendant those employees' supervisor and a USPS branch, so the Court construes her Complaint as arising from the FTCA. *See* ECF No. 1 at 8.  Under the FTCA, "the United States, and not an agency of the United States, is the only proper defendant in tort actions arising from the alleged negligent or wrongful conduct of federal employees."  *Hutchinson v. Weisinger*, No. 12-cv-5792, 2014 WL 3817335, at *2 (D.N.J. Aug. 4, 2014) (internal quotations and citation omitted); *see also* 28 U.S.C. § 2679(a); *Morano v. U.S. Naval Hosp.*, 437 F.2d 1009, 1010 n.1 (3d Cir. 1971) (explaining that "28 U.S.C. § 2679 precludes [an FTCA] suit against a Federal agency").  Accordingly, the Elkins Park Post Office is not a proper Defendant and must be dismissed.  *See Marshall v. U.S. Post Off.*, No. 24-cv-1931, 2024 WL 4507825, at *1 n.1 (E.D. Pa. Oct. 16, 2024) (dismissing the USPS as a defendant because "[t]he United States is the only proper defendant in an action brought under the FTCA").

In addition, when a federal employee is sued for tortious conduct, the Westfall Act authorizes the Attorney General of the United States to certify that the employee was working within the scope of their employment during the events giving rise to a plaintiff's claims.  *See* 28 U.S.C § 2679(d)(2); *see also Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992) ("[T]he Attorney General's certification, although subject to judicial review, is *prima facie* evidence that the employee's challenged conduct was within the scope of employment." (collecting cases)).  Upon filing of a certification, "any civil action . . . commenced upon such claim in a State court shall be removed" to a federal district court and "[s]uch action . . . shall be deemed to be an action . . . brought against the United States . . . and the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(2); *see also id.* §§ 1346(b)(1), 2679(b)(1).  United States

Attorneys have been delegated the authority to "make the statutory certification that the Federal employee was acting with the scope of . . . employment." *See* 28 C.F.R. § 15.4(a).

Here, the Government certified that Walter Lee was acting within the scope of his employment during the time of the events out of which Plaintiff's claim allegedly arose, *see* ECF No. 7-1 at 2, and Plaintiff did not contest the Government's certification.[2]  Accordingly, the Court will grant the Government's Motion for Substitution, substitute the United States as a Defendant, and dismiss Walter Lee as a Defendant.  *See* 28 U.S.C § 2679(b)(1), (d)(2).  It is clear that the United States is "the only proper Defendant" against whom Plaintiff's FTCA claim can be maintained.  *Folk v. United States*, No. 24-1506, 2026 WL 64098, at *2 (3d Cir. Jan. 8, 2026) (per curiam); *see also Hutchinson*, 2014 WL 3817335, at *3 (dismissing "FTCA claims against the USPS and its employee" because they were not proper defendants).

### B.  Plaintiff Failed to Exhaust Her Administrative Remedies

The Government also moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1). *See* ECF No. 7 at 8.  In its Motion to Dismiss, the Government first argues that the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim because she failed to properly exhaust her administrative remedies prior to filing suit, as required by 28 U.S.C. § 2675(a).  *See id.* at 8–9.  In addition, the Government contends that the FTCA's "postal exception encompasses mishandling mail[,]" so Plaintiff's claim is barred on that basis as well.  *Id.* at 10.

As an initial matter, the Government's Motion to Dismiss presents a factual attack to the Court's subject matter jurisdiction, so the Court can "weigh competing evidence and resolve disputed material facts bearing on jurisdiction" in deciding the Government's Motion.  *DeMolick*

---

[2] Because Plaintiff did not contest "the propriety of the [Government's] certification," the Court need not resolve any factual issues related to Walter Lee's scope of employment pursuant to the framework articulated in *Melo v. Hafer*, 13 F.3d 736 (3d Cir. 1994).  *See Lykens v. Peters*, No. 25-1393, 2025 WL 2945674, at *3 (3d Cir. Oct. 17, 2025) (per curiam).

*v. United States*, No. 22-1973, 2023 WL 3562979, at *2 (3d Cir. May 19, 2023); *see also Diaz v. United States*, 20-cv-6305, 2021 WL 3022452, at *2 (E.D. Pa. July 16, 2021) ("A 12(b)(1) motion predicated on the contention that the plaintiff has failed to exhaust their administrative remedies prior to filing suit is a factual attack because it challenges the existence of jurisdiction itself.").

The Court turns to administrative exhaustion.  Before a plaintiff can assert a claim against the United States under the FTCA, a plaintiff must "have first presented the claim to the appropriate Federal agency."  28 U.S.C. § 2675(a); *see also id.* § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency"); *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").  A claim is "deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident," which must be "accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . alleged to have occurred by reason of the incident[.]" 28 C.F.R. § 14.2(a).  In addition, the plaintiff must have presented her written claim "within two years after such claim accrues or" initiate her lawsuit "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).  If the relevant federal agency does not render a final disposition of a plaintiff's claim "within six months after it is filed[,]" then the agency's silence is "deemed a final denial of the claim."  *See* 28 U.S.C. § 2675(a); *see also Marshall v. U.S. Post Off.*, No. 24-3104, 2025 WL 2813595, at *1, 3 (3d Cir. Oct. 3, 2025) (affirming FTCA suit was untimely because plaintiff initiated a lawsuit over one year after USPS had mailed her a letter denying her claim).

Furthermore, the Third Circuit has found that the administrative exhaustion "requirements of presentation and a demand for a sum certain . . . are jurisdictional" prerequisites to maintaining an FTCA claim in federal court. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 457 (3d Cir. 2010); *see also Wilson v. U.S. Gov't*, 735 F. App'x 50, 52 (3d Cir. 2018) (per curiam) (explaining that the FTCA's "exhaustion requirement 'is jurisdictional and cannot be waived.'" (quoting *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003))); *Bruno v. U.S. Postal Serv.*, 264 F. App'x 248, 248 (3d Cir. 2008) (finding that "'an initial presentation of the claim to the appropriate Federal agency and a final denial by that agency' are non-waivable jurisdictional prerequisites for suits brought under the FTCA" (quoting 28 U.S.C. § 2675(a))).

In her Complaint, Plaintiff did not allege that she fully exhausted her administrative remedies prior to initiating her suit. Instead, she alleged that she "reported [the] conduct of all parties involved to the Consumer Affairs." ECF No. 1 at 9. She received "case numbers each time [that she] made a report" and the "first case number" that she received was number "CA133348813 on June 2, 2017." *Id.* In addition, Plaintiff alleged that she "sent letter(s) to Walter Lee," but received "no response" from him, and also filed a police report. *Id.* In her Opposition, Plaintiff further purports to describe the steps that she took to raise her complaint regarding the postal workers' mishandling of her mail. *See* ECF No. 12 at 2. Plaintiff contends that she "called regarding the behavior of Denise and Mark" and "used Case No. CA133348813[,]" and also "spoke[] to 'reps' from Consumer Affairs and [the Office of Inspector General.]" *Id.*; *see also id.* at 4 ("I called and made the report"); ECF No. 11 at 3 ("I called to report" Denise's conduct); *id.* at 4 (explaining she "called again to report this incident"); *id.* at 5 (discussing a return call). Plaintiff also reiterates that she filed an "incident report" with the "Cheltenham Township Police Department on July 26, 2017" and received a case number in connection with that report. ECF

No. 12 at 2, 6.  Moreover, Plaintiff states that in May 2019, she "wrote and mailed [a] certified return receipt (green card) letter" to Walter Lee, who "never responded," and attached a copy of the return receipt card to her Opposition.  *Id.* at 2, 5.

Here, although Plaintiff attempted to raise her complaint through various means, none adequately satisfied the FTCA's requirements for administrative exhaustion.  First, under the relevant provisions, claims must be made *in writing*, so the fact that Plaintiff may have had conversations with representatives of Consumer Affairs over the phone does not suffice.  *See* 28 C.F.R. § 14.2(a); *see also* 28 U.S.C. §§ 2401(b), 2675(a).  Second, the Cheltenham Township Police Department is not a federal agency, let alone the appropriate federal agency for complaints related to the mishandling of mail by postal workers, so any complaint lodged with the local police department is insufficient for purposes of administrative exhaustion.  *See* 28 U.S.C. § 2675(a). Third, Plaintiff notes that in the letter she sent to Walter Lee in May 2019, she "stat[ed] what has happened" and named the individuals involved.  ECF No. 12 at 2.  However, there is no indication that the letter included "a claim for money damages in a sum certain for injury to or loss of property . . . alleged to have occurred by reason of the incident."  28 C.F.R. § 14.2(a); *see also* 28 U.S.C. § 2675(a).  Therefore, Plaintiff's written letter to Walter Lee also does not adequately satisfy the requirements for presenting claims to the USPS.  *See Bruno*, 264 F. App'x at 249 (holding that a district court was "deprived of jurisdiction" over an FTCA claim where a plaintiff's letter to USPS providing notice of injury from USPS employees' negligence did not include a sum certain); *White-Squire*, 592 F.3d at 460 (holding that a district court "properly dismissed" an FTCA claim where a plaintiff did not present a sum certain to the relevant federal agency); *Alexander v. U.S. Postal Serv.*, No. 19-cv-1295, 2020 WL 13591354, at *3–4 (D. Conn. Nov. 18, 2020) (dismissing a complaint even where plaintiffs alleged that they "call[ed] numerous times to different [postal]

locations" and were given a "case ref number" because plaintiffs did not "allege[] that they asserted a claim for money damages in their written complaint to the U.S. Postal Service Office of the Inspector General").

Furthermore, the Government submitted evidence indicating that it could not locate any written records of a complaint made to the USPS by Plaintiff or on her behalf. *See* ECF No. 7-2. The Government provided a declaration from Kimberly Herbst, a Manager of the "Tort Program and Adjudication with the United States Postal Service National Tort Center," who has "full access to . . . all Postal Service Law Department records that are maintained on each administrative claim submitted for adjudication to the Postal Service" pursuant to the FTCA. *Id.* ¶¶ 1–2. A search of those records did not return any claims submitted for adjudication by Plaintiff or on her behalf. *Id.* ¶ 4. Ms. Herbst also could not locate any claims submitted by Plaintiff or on her behalf in "[a] separate database maintained by the Postal Service Tort Claims/Collections Specialists" for claims that are "submitted for adjudication at the local level." *Id.* ¶¶ 5–6. Therefore, the fact that no written records were discovered further suggests that Plaintiff did not properly exhaust her administrative remedies. *See Gbossou v. United States*, No. 24-cv-6658, 2025 WL 2325665, at *3 (E.D. Pa. Aug. 12, 2025) (finding that a lack of records of a tort claim in USPS's national database supported the Government's contention that plaintiff did not exhaust her administrative remedies).

Since Plaintiff failed to demonstrate that she exhausted her administrative remedies and properly presented her claim to the USPS before filing this lawsuit, the Court lacks subject matter jurisdiction over her FTCA claim and must dismiss her Complaint. *See Lykens*, 2025 WL 2945674, at *4 (affirming dismissal where a plaintiff failed "to present his claim" to the relevant federal agency "before filing suit"); *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982) (explaining that "[n]oncompliance with section 2675 deprives a claimant of federal court

jurisdiction over his or her claim"); *Ferebee v. Temple Hills Post Off.*, No. 14-cv-02451, 2014 WL 5342845, at \*3 (D. Md. Oct. 20, 2014), *aff'd*, 590 F. App'x 276 (4th Cir. 2015) (per curiam) (dismissing without prejudice a complaint against a post office where "the uncontested evidence" demonstrated that the plaintiff did not "exhaust her administrative remedies"). The Court will dismiss Plaintiff's Complaint without prejudice in the event that she can exhaust her administrative remedies if the statute of limitations has not run on any of her claims. *See Gbossou*, 2025 WL 2325665, at \*3 (dismissing a plaintiff's FTCA claims without prejudice when the plaintiff failed to fully exhaust administrative remedies).[3]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant the Government's Motion to Substitute the United States as a Defendant, substitute the United States as a Defendant, and dismiss the Elkins Park Post Office and Walter Lee as Defendants. In addition, the Court will grant the Government's Motion to Dismiss and dismiss Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction. An appropriate Order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[3] Because the Court finds that it lacks subject matter jurisdiction based on Plaintiff's failure to exhaust her administrative remedies, the Court need not reach the Government's argument that Plaintiff's Complaint is also barred by the FTCA's postal exception. *See* ECF No. 7 at 10–11.